UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DALLAS JOHNSON, )
)
Petitioner, )
vs. ) Case No. 1:14-cv-105-WTL-DML
)
KEITH BUTTS, )
)
Respondent. )

**Entry and Order Dismissing Action**

**I.**

**A.**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). A viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010); *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'")(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

When the challenged custody results from a prison disciplinary proceeding, due process requires that certain procedural safeguards be observed and that the decision be support by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

**B.**

In the present case, Dallas Johnson seeks a writ of habeas corpus pertaining to a disciplinary proceeding in which he was found guilty of violating prison rules through his possession of a controlled substance. The controlled substance was suboxone, which was found inside homemade candy bars inside Johnson's cell on September 24, 2013. Using the protections recognized in *Wolff* as an analytical template, Johnson received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Johnson was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer and reviewing authority issued a sufficient statement of their findings, and (3) the hearing officer issued a written reason for their decisions and for the sanctions which were imposed. Johnson's contentions otherwise are either irrelevant to the charge and proceeding involved in this case or refuted by the expanded record. He is not entitled to relief based on them.

**C.**

The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Johnson to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are refuted by the expanded record. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

IT IS SO ORDERED.

Date: 05/08/2014

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

DALLAS JOHNSON   181619
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362